IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD L. BENISH, ) | |
| ) | |
| Plaintiff, ) | 8:05cv282 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| SGT. CORBIT and ) | |
| DOUGLAS COUNTY, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on filing no. 15, the Motion to Dismiss filed by the defendants, Sgt. Corbit, in his individual and official capacities, and Douglas County, Nebraska; and filing no. 19, the Opposition to Motion to Dismiss filed by the plaintiff, Richard L. Benish, a prisoner in the custody of the Douglas County Correctional Center ("DCCC"). The plaintiff asserts a claim of excessive force, in violation of the Eighth Amendment to the United States Constitution, by Sgt. Corbit, a corrections officer at DCCC. The defendants contend that the plaintiff has failed to state a claim on which relief may be granted under the Eighth Amendment. See Fed. R. Civ. P. 12(b)(6). Sgt. Corbit, in his individual capacity, also contends that he is shielded by qualified immunity from the plaintiff's claim for damages.

**Eighth Amendment**

The Eighth Circuit Court of Appeals explained the principles governing prisoner claims of excessive force in Treats v. Morgan, 308 F.3d 868, 872 (8th Cir. 2002), as follows: "The Eighth Amendment protects inmates from the unnecessary and wanton infliction of pain by correctional officers, Whitley v. Albers, 475 U.S. 312, 319 ... (1986), regardless of whether an inmate suffers serious injury as a result. Hudson v. McMillian, 503 U.S. 1, 9

1

... (1992). Officers are permitted to use force reasonably 'in a good-faith effort to maintain or restore discipline,' but force is not to be used 'maliciously and sadistically to cause harm.' Id. at 7.... Factors to be considered in deciding whether a particular use of force was reasonable are whether there was an objective need for force, the relationship between any such need and the amount of force used, the threat reasonably perceived by the correctional officers, any efforts by the officers to temper the severity of their forceful response, and the extent of the inmate's injury. Id. See also Hickey v. Reeder, 12 F.3d 754, 758 (8th Cir. 1993)." Accord Fillmore v. Page, 358 F.3d 496, 503-10 (7th Cir. 2004).

### Standard of Review

The plaintiff alleges sadistic behavior by Sgt. Corbit, and the allegations of the complaint are to be taken as true for purposes of the defendants' motion. A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests only the legal sufficiency of the plaintiff's complaint if the factual allegations in the complaint are accepted as true. Springdale Educ. Ass'n v. Springdale School Dist., 133 F.3d 649, 651 (8th Cir. 1998). A claim should be liberally construed in the light most favorable to the plaintiff and should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). See also Swierkiewicz v. Sorema N. A., 534 U.S. 506, 513 (2002), *citing* Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993):

> Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake. This Court, however, has declined to extend such exceptions to other contexts. In Leatherman we stated: "[T]he Federal Rules do address in Rule 9(b) the question of the need for greater particularity in pleading certain actions, but do not include among the

2

enumerated actions any reference to complaints alleging municipal liability under §1983.  *Expressio unius est exclusio alterius*."

In light of that standard, filing no. 15, the defendants' Motion to Dismiss, is denied insofar as filing no. 15 alleges that the complaint fails to state a claim on which relief may be granted.  In addition, Sgt. Corbit, in his individual capacity, fails to address why the ***conduct alleged by the plaintiff*** warrants qualified immunity.  Filing no. 15 is denied, without prejudice to the defendant's right to raise the issue of qualified immunity in a properly supported motion for summary judgment.[1]

THEREFORE, IT IS ORDERED:

1.    That filing no. 15, the defendants' Motion to Dismiss, is denied;

2.    That filing no. 19, the plaintiff's Opposition to Motion to Dismiss, is granted, and the defendants shall answer the complaint within thirty (30) days of this Order.

DATED this 17th day of May, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge

---

[1] The essence of the defendant's argument is that he acted in good faith and without the malicious purpose and effect attributed to him in the complaint. That argument contradicts the factual allegations of the complaint.  If the defendant does not agree with the plaintiff's factual allegations, the defendant may challenge the accuracy of the plaintiff's version of events in a motion for summary judgment.  A motion to dismiss based on qualified immunity limits the court to the allegations of the complaint, as opposed to a motion for summary judgment based on qualified immunity, which enables the court to review affidavits and other materials beyond the pleadings.