IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD L. BENISH, | ) | 8:05CV282 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CORBIT, Sgt., Correctional Officer, | ) | |
| and DOUGLAS COUNTY | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on six pending motions. Defendants filed a motion to extend progression order (filing no. 35) and a motion to withdraw as counsel (filing no. 51). Plaintiff filed a motion to strike motion to extend progression order (filing no. 36), a motion for judgment (filing no. 37), a motion to arrest inquest (filing no. 45), and a motion to strike Defendants' motion for summary judgment (filing no. 46). Also pending is Defendants' motion for summary judgment (filing no. 38), which the court does not address at this time.

### I.     Motions Regarding Progression Order

On October 30, 2006, this court entered an order setting the schedule for the progression of this matter. (Filing No. 31.) That order set the deadline for dispositive motions as March 28, 2007. (*Id.*) The order further stated that a request for a change in the dates should be made in writing and supported by a showing of good cause. (*Id.*)

Defendants substituted counsel in this matter on December 27, 2006. (Filing Nos. 32-34.) On April 27, 2007, Defendants submitted their motion to extend progression order deadlines. (Filing No. 35.) In the motion to extend, Defendants

state that, due to "changes in office personnel," substituted counsel was unaware of the progression order. (*Id.* at 1.) Defendants requested an additional 60 days in which to submit a motion for summary judgment. (*Id.*) Defendants submitted a motion for summary judgment and supporting brief and index of evidence on June 4, 2007. (Filing Nos. 38-40.)

The court finds that Defendants have shown good cause for extending the progression order in this matter. No other extensions have been requested and Defendants have already submitted their motion for summary judgment. The court therefore accepts Defendants' motion for summary and supporting documents as filed. Plaintiff's motion to strike Defendants' motion to extend (filing no. 36) is denied.

## II.     Plaintiff's Pending Motions

Plaintiff filed a motion for judgment on the pleadings (filing no. 37) and a motion to strike Defendants' motion for summary judgment. (Filing No. 46.) Summarized, these motions seek a judgment in Plaintiff's favor because Defendants failed to comply with the progression order and filed their motion for summary judgment "out of time." (Filing No. 46 at 6.) Because the court now grants Defendants' motion to extend the progression order, Plaintiff's motions for judgment on the pleadings and to strike Defendants' motion for summary judgment are denied.

However, because Plaintiff was unaware until this memorandum and order that Defendants' motion for summary judgment would be accepted for filing, the court grants him additional time to respond. Plaintiff shall have 30 days in which to file a response addressing the merits of Defendants' motion for summary judgment. In the absence of Plaintiff's response within 30 days, the court will rule on Defendants' motion for summary judgment without further notice.

Also pending is a motion filed by Plaintiff which is styled as a "motion to arrest inquest." (Filing No. 45.) The court is unaware of any rule authorizing such motion. However, the substance of the motion requests that the court bar Defendants from raising the issue of qualified immunity because Defendants' motion to dismiss on the basis of qualified immunity was denied. (Filing No. 26.)

This court's previous order on the issue of qualified immunity denied Defendants' motion to dismiss "without prejudice to the defendant's right to raise the issue of qualified immunity in a properly supported motion for summary judgment." (*Id.* at 3.) Therefore, the court specifically *permitted* Defendants to raise the issue of qualified immunity at a later date. Plaintiff's motion to arrest inquest (filing no. 45) is therefore denied.

IT IS THEREFORE ORDERED that:

1. Defendants' motion to extend progression order deadlines (filing no. 35) is granted. Defendants' motion for summary judgment and supporting documents (filing nos. 38-40) are accepted as filed. Plaintiff's motion to strike motion to extend (filing no. 36) is denied.

2. Plaintiff's motion for judgment on the pleadings (filing no. 37) is denied. Plaintiff's motion to strike motion for summary judgment (filing no. 46) is denied. Plaintiff shall have until November 28, 2007 in which to file a brief in response to Defendants' motion for summary judgment. In his brief, Plaintiff shall address the merits of Defendants' arguments.

3. Plaintiff's motion to arrest inquest (filing no. 45) is denied.

4. The Clerk of the court is directed to set a pro se case management deadline with the following text: November 28, 2007: Deadline for Plaintiff to file brief in response to motion for summary judgment.

5. Defendants' motion to withdraw as attorney (filing no. 51), filed by Diane M. Carlson, is granted. The Clerk of the court is directed to terminate the appearance of Diane M. Carlson as counsel for Defendants and shall stop further electronic notices to Ms. Carlson in this matter.

October 29, 2007.  BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge