IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD L. BENISH, | ) | 8:05CV282 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CORBIT, Sgt., Correctional Officer, | ) | |
| and DOUGLAS COUNTY | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants Douglas County Corrections ("DCC") and Sgt. Corbit's ("Corbit")[1] Motion for Summary Judgment. (Filing No. 38.) As set forth in this Memorandum and Order, Defendants' Motion is granted.

## I.   BACKGROUND

Plaintiff filed his Complaint in this matter on June 15, 2005. (Filing No. 1.) On August 4, 2005, Plaintiff filed an Amended Complaint, which stated Plaintiff's intent to sue Defendant Corbit in both his individual and official capacities. (Filing No. 9.) The court construes the amendment as supplemental to, rather than superseding, the Complaint. *See* NECivR 15.1(b). Plaintiff's Complaint is brought pursuant to 42 U.S.C. § 1983 and alleges that Defendants violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. (Filing No. 9 at CM/ECF pp. 5-6.)

---

[1] It appears from the documents submitted by the parties that named Defendant "Sgt. Corbit" is actually spelled "Corbett." However, for ease of reference, the court refers to Defendant Corbit, as he is named in the Complaint.

Defendants filed their Motion for Summary Judgment on June 4, 2007. (Filing No. 38.) Along with their Motion, Defendants also filed an Index of Evidence and Brief in Support. (Filing Nos. 39 and 40.) After an extension of the deadlines in this matter, Plaintiff filed a Brief in Response to Defendants' Motion but did not submit any evidence. (Filing No. 53.)

The Federal Rules of Civil Procedure and the court's local rules require that evidence in support of a motion for summary judgment be "authenticated by affidavit." NECivR 7.1(b)(2)(C); *see also Stuart v. General Motors Corp.*, 217 F.3d 621, 636 n.20 (8th Cir. 2000) ("To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of Fed. R. Civ. P. 56(e). Documents which do not meet those requirements cannot be considered.").

Additionally, the party seeking the entry of summary judgment in its favor must set forth "a separate statement of material facts as to which the moving party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law." NECivR 56.1(a)(1). If the non-moving party opposes the motion, that party must "include in its [opposing] brief a concise response to the moving party's statement of material facts." NECivR 56.1(b)(1). Such response must "address each numbered paragraph in the movant's statement" of facts and must contain pinpoint citations supporting the opposition. *Id.* "Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response." *Id.*

The court has carefully reviewed the documents submitted by both parties. While DCC and Corbit submitted a statement of material facts in accordance with the court's rules, Plaintiff has not. Further, Defendants submitted evidence which was properly authenticated by affidavit.

## II.     RELEVANT UNDISPUTED FACTS

1.     At all times relevant to his Complaint, Plaintiff was incarcerated at the Douglas County Correctional Center.  (Filing No. 1 at CM/ECF p. 1.)

2.     On July 4, 2004, Corbit came to Plaintiff's cell and offered Plaintiff the opportunity to shower.  (Filing No. 40, Attach.5, at CM/ECF pp. 1-2; Attach. 7, at CM/ECF p. 1.)

3.     Plaintiff initially chose to shower and was given a bar of soap.  (Filing No. 40, Attach.5, at CM/ECF p. 2; Attach. 7, at CM/ECF p. 1.)

4.     Plaintiff requested a razor, but was told that a razor was not available and that he could have a razor the next day.  (Filing No. 40, Attach.5, at CM/ECF p. 2; Attach. 7, at CM/ECF p. 1.)

5.     Upon hearing that he could not have a razor, Plaintiff either "tossed" the bar of soap or "threw" the bar of soap at Corbit.  (Filing No. 40, Attach.5, at CM/ECF p. 2; Attach. 7, at CM/ECF p. 1.)

6.     Plaintiff then returned to his cell and reached his arms out to have his handcuffs removed.  (Filing No. 40, Attach.5, at CM/ECF pp. 2-3; Attach. 7, at CM/ECF p. 1.)

7.     Corbit removed Plaintiff's handcuffs, causing him pain and bruising on his wrists.  (Filing No. 40, Attach.5, at CM/ECF pp. 2-3; Attach. 7, at CM/ECF p. 1.)

8.     After the soap was either "tossed" or "thrown," Corbit observed that Plaintiff had a "flared temper."  (Filing No. 40, Attach.5, at CM/ECF p. 2.)

### III. ANALYSIS

#### A. Standard of Review

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Pro. 56(c). *See also Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir. 1994). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate their allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

#### B. Plaintiff's Eighth Amendment Claim Against Corbit

Liberally construed, Plaintiff's claims are claims for violations of the Eighth Amendment relating to excessive force while in custody. (Filing No. 1 at CM/ECF pp. 5-6.) The Eighth Amendment protects prisoners from the "unnecessary and

wanton infliction of pain" by their jailers. *U.S. v. Miller*, 477 F.3d 644, 647 (8th Cir. 2007). As set forth in *Miller*:

> When jail officials are alleged to have used excessive force against a prisoner, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). "One acts 'maliciously' by undertaking, without just cause or reason, a course of action intended to injure another; in contrast, one acts 'sadistically' by engaging in extreme or excessive cruelty or by delighting in cruelty." *Howard v. Barnett*, 21 F.3d 868, 872 (8th Cir.1994).

*Id.* at 647.

In evaluating whether an officer acted in good faith when using physical force to restrain an inmate, courts should consider the following factors:

1. The need for force;
2. The correlation between the need for force and the amount of force used;
3. The extent of the inmate's injury;
4. The threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them at the time; and
5. Any attempt by the officers to temper the severity of the response.

*Stenzel v. Ellis*, 916 F.2d 423, 427 (8th Cir. 1990). When a prisoner, having been warned several times, "refuses to comply with a legitimate jail security regulation, the incident has escalated into a 'disturbance . . . that indisputably poses significant risks to the safety of inmates and prison staff.'" *Id.* at 426 (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1990)).

Viewed in the light most favorable to Plaintiff, the undisputed evidence here establishes that Plaintiff either tossed a bar of soap or threw a bar of soap directly at Corbit after being denied a razor. (Filing No. 40, Attach.5, at CM/ECF pp. 2-3; Attach. 7, at CM/ECF p. 1.) Plaintiff then returned to his cell where his handcuffs were removed by Corbit. The removal of Plaintiff's handcuffs resulted in pain and bruising to Plaintiff's wrist. (Filing No. 40, Attach.5, at CM/ECF pp. 2-3; Attach. 7, at CM/ECF p. 1.) Regardless of whether Plaintiff "tossed" or "threw" his soap–it is undisputed that Corbit perceived that Plaintiff threw the soap and that Plaintiff had a flared temper. (Filing No. 40, Attach.5, at CM/ECF p. 2.) Moreover, "tossing" or "throwing" a bar of soap is a distinction without a difference.

Corbit had a reasonable basis for believing that, if allowed to continue, Plaintiff's conduct would pose a risk to the officers directly, or may escalate into a disturbance. There is no evidence that the officers used physical force beyond what was necessary to stop Plaintiff's behavior. Further, Plaintiff's injuries were very minor. Based on the undisputed evidence, and taking into account all of the factors set forth above, the force used by Corbit was not excessive and was applied in a good-faith effort to maintain or restore discipline. Corbit's Motion for Summary Judgment must be granted. *See, e.g., Howard v. McKee*, No. 98-1005, 1999 WL 220098, *1 (8th Cir. 1999) (affirming summary judgment in favor of prison guards where the inmate presented no evidence challenging defendants' version of events that the plaintiff broke free from his escorts while outside his cell and force was required to regain control over him).

### **C.     Plaintiff's Eighth Amendment Claim Against DCC**

A county may be liable under section 1983 if its "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). An "official policy" involves a deliberate choice to

follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646. As set forth above, Plaintiff has not proven that DCC had an official policy or custom which led to a violation of his constitutional rights. Indeed, Plaintiff has not even shown that his rights were violated at all. Summary judgment is therefore granted in favor of DCC.

IT IS THEREFORE ORDERED that:

1. Defendants' Motion for Summary Judgment (filing no. 38) is granted.

2. A separate judgment will be entered in accordance with this memorandum and order.

March 18, 2008.                    BY THE COURT:

                                   s/ Joseph F. Bataillon
                                   Chief United States District Judge